No. 625.—EMILE TANNERET *v.* THOMAS D. MARSHALL.

Delivery is of the essence of a contract of deposit, and where cotton was to be weighed, no
    delivery could take place until it was weighed.
Where the evidence shows that a sum was paid in Confederate notes for a lot of cotton, no
    action will lie to enforce the contract for the recovery of the cotton or its value.  Constitu-
    tion, article 127.

APPEAL from the Parish Court of Avoyelles.  *Lewis*, J.  *E. North
Cullom*, for plaintiff and appellee.  *Waddill & Burbin*, for defend-
ant and appellant.

TALIAFERRO, J.  The plaintiff sues upon a contract, as he avers, of
deposit, alleging that he left in the month of December, 1863, with
defendant as his depositary for storage and safe keeping, forty thousand
pounds of lint cotton; and that having the bagging and rope necessary
for baling the cotton, demanded it of defendant, who refused to deliver
it.  He therefore demands the delivery of the cotton, or in default
thereof prays judgment against defendant for thirty thousand dollars.

The answer is a general denial.  The defendant specially denies the
alleged contract of deposit.  He admits having agreed to sell to the
plaintiff cotton for which he received eighteen thousand dollars in Con-
federate money; but that he never delivered to the plaintiff any cotton
in pursuance of the agreement, and that he offered to return the Con-
federate money which plaintiff refused to receive.  He avers that the
consideration having been an illegal currency, the agreement was null,
and that he is not bound by it.  The plaintiff had judgment, and the
defendant appeals.

It is clear that there was no contract of deposit.  The witness Coco,
introduced by the plaintiff, states that neither he, as the agent of the
plaintiff, nor the plaintiff himself, had the cotton in their possession or
control.  That neither he nor the plaintiff ever saw the cotton, and
that it was never weighed.  The cotton, when he purchased it, was in
the seed.  The undertaking of the defendant, it seems, was to deliver
to Coco, as the plaintiff's agent, forty thousand pounds of lint cotton
whenever plaintiff procured the necessary baling and rope to pack it.

To form the contract of deposit, there must be a delivery, the princi-
pal object of which is to take care of the thing deposited.  As cotton
"in the lint" was to be delivered, and a specific number of pounds, no
delivery can be said to have been made as no weighing ever took place.
The witness and agent Coco deposes that he does not know that the
cotton was ever ginned.  No delivery in legal contemplation having
been made to the plaintiff or his agent, no delivery by the plaintiff nor
by his agent could be made to the defendant so as to constitute the
latter the plaintiff's depositary.

It clearly appears from the evidence that the consideration for which
the defendant agreed to sell the cotton was eighteen thousand dollars

in the illegal currency of the so-called Confederate States. The plaintiff's agent and witness says that he paid for the cotton forty-five cents per pound in Confederate money, and that he counted to defendant eighteen thousand dollars.

This court has repeatedly refused to lend its aid to the enforcement of contracts of this kind.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be annulled, avoided and reversed. It is further ordered that judgment be and it is hereby rendered in favor of the defendant, releasing him from the obligation sued upon. The plaintiff and appellee paying costs in both courts. Civil Code, article 2897, 1 L. R. 494; Schmidt v. Barker, 17 Ann. 261.